T.C. Summary Opinion 2002-69


UNITED STATES TAX COURT


ARTHUR MCGEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4735-01S.              Filed June 11, 2002.


Arthur McGee, pro se.

<u>Margaret A. Martin</u>, <u>Daniel J. Parent</u>, and <u>Jeremy McPherson</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,326 in petitioner's 1999 Federal income tax. The issues for decision are whether petitioner is entitled to the following: (1) Two dependency exemption deductions; (2) head of household filing status; and (3) an earned income credit.[1]

At the time the petition was filed, petitioner resided in Vallejo, California.

Throughout 1999 petitioner was married to Cynthia McGee. Because of marital problems, petitioner lived apart from his wife at his parents' house with two of his sons. Petitioner allegedly paid to his parents rent of $300 per month for use of a room in their 3-bedroom house. Petitioner and his two sons lived together in the room that petitioner rented.

On his 1999 Federal income tax return petitioner claimed dependency exemption deductions for his two sons. Petitioner also claimed head of household filing status and an earned income credit. In the notice of deficiency, respondent disallowed the claimed dependency exemption deductions, the head of household filing status, and the full amount of the claimed earned income credit.

---

[1] Petitioner also claimed a child tax credit. His eligibility for the child tax credit is a computational matter.

The first issue for decision is whether petitioner is entitled to dependency exemption deductions for his two sons. Section 151(c)(1) allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the calendar year for which such individuals are claimed as dependents. Support includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. Eligible individuals who may be claimed as dependents include, among others, sons of the taxpayer. Sec. 152(a)(1).

In deciding whether an individual received over half of his support from the taxpayer, we evaluate the amount of support furnished by the taxpayer as compared to the total amount of support received by the claimed dependent from all sources. Turecamo v. Commissioner, 554 F.2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720 (1975); sec. 1.152-1(a)(2)(i), Income Tax Regs. The taxpayer must initially demonstrate, by competent evidence, the total amount of support furnished by all sources for the taxable year at issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). If the amount of total support is not established and cannot be reasonably inferred from competent evidence available to the Court, it is not possible to conclude that the taxpayer claiming

the exemption provided more than one-half of the support for the claimed dependent.  Id. at 514-515.

Petitioner failed to establish that he provided more than one-half of the total support of his sons that lived with him. See Rule 142(a).[2]  On his 1999 Federal income tax return petitioner reported total income of $17,415.  In contrast his parents reported total income exceeding $100,000 for the same year.  Petitioner and his two sons lived in petitioner's parents' home for the entire year 1999.  Petitioner has failed to establish either the total amount of support that petitioner's sons received from all sources or the amount of support that they received from petitioner.  Other than alleged receipts for his monthly rent payments of $300 to his parents, the only evidence of support that petitioner presented to the Court was his unsubstantiated testimony that he provided "100 percent" of the support of his sons.  He presented no checks to substantiate his alleged payments.  He had no grocery receipts or receipts for alleged payments for clothing, and he admitted that he made no payments for his sons' entertainment.  The receipts that petitioner introduced concerning supposed payments of rent to his mother all appear to have been prepared and signed at the same time.  Petitioner's mother did not testify about the payments.

---

[2] Sec. 7491(a) does not shift the burden of proof to respondent in this case because petitioner has not presented credible evidence concerning the support of his sons and has failed to provide substantiation of his claims of payments for their support and benefit.  Sec. 7491(a)(1).

At the calendar call, petitioner had been warned to have his witnesses available to testify at trial, and he made no explanation of his mother's absence. Consequently the receipts are not convincing evidence that petitioner paid even the claimed amount of rent. Petitioner did not present any witnesses to corroborate any of his testimony. As petitioner bears the burden of proof, we must sustain respondent's disallowance of the dependency exemption deductions.

The second and third issues for decision are whether petitioner is entitled to head of household filing status and whether petitioner is entitled to an earned income credit. Generally, an individual who is married at the close of the taxable year is not entitled to head of household filing status. Sec. 2(b)(1). Similarly, an individual who is married at the close of the taxable year is not entitled to an earned income credit if he does not file a joint income tax return with his spouse for the taxable year. Sec. 32(d). An exception to these general rules exists but generally applies only if the individual maintains a household which is the principal place of abode of at least one child for whom the individual is entitled to a dependency exemption deduction. Secs. 2(c), 32(d), 7703(b).[3]

Petitioner was married to Cynthia McGee at all times during

---

[3] Further exceptions exist, but petitioner does not assert, and nothing in the record indicates, that they may be applicable. See secs. 2(b)(2), 7703(a).

1999. Petitioner did not file a joint income tax return with her for that year. We have held that petitioner is not entitled to any dependency exemption deduction for 1999. Consequently, petitioner is not entitled to head of household filing status or to an earned income credit.[4] Secs. 2(b)(1), 32(d).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[4] Since petitioner was married at all times during 1999, respondent might have utilized the standard deduction applicable to married individuals filing separately. Respondent has not done so, and consequently respondent's deficiency determination for 1999 was understated. Respondent's counsel has explicitly waived any claim to the additional deficiency resulting from this apparent error. Moreover, because respondent did not assert any claim for an increased deficiency, we lack jurisdiction to redetermine the correct amount of the deficiency. See sec. 6214(a); Estate of Petschek v. Commissioner, 81 T.C. 260, 271-272 (1983), affd. 738 F.2d 67 (2d Cir. 1984).